UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATE NELSON | ) | CASE NO. |
| c/o Tittle & Perlmuter | ) | |
| 4106 Bridge Ave. | ) | JUDGE |
| Cleveland, OH 44113 | ) | |
| | ) | |
| On behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | **PLAINTIFF'S CLASS AND** |
| Plaintiff, | ) | **COLLECTIVE ACTION** |
| v. | ) | **COMPLAINT UNDER THE FAIR** |
| | ) | **LABOR STANDARD ACT AND** |
| SIGNATURE HEALTH, INC. | ) | **STATE LAW** |
| c/o Statutory Agent Jonathan A. Lee | ) | |
| 7232 Justin Way | ) | |
| Mentor, Ohio 44060 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Kate Nelson, through counsel, respectfully files this Class and Collective Action

Complaint against Defendant Signature Health, Inc.

## INTRODUCTION

1.     This case challenges wage-and-hour practices of Defendant by which it willfully violated

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio overtime compensation

statute, and Ohio's common law.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b),

which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be

maintained against any employer … by any one or more employees for and on behalf of himself

or themselves and other employees similarly situated."  Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3.      Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually related claims under Ohio law (the "Class Members").

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.      At all times relevant, Plaintiff Kate Nelson was a citizen of the United States and of Ohio and resided in this district.

8.      Defendant Signature Health, Inc. is an Ohio not-for-profit corporation doing business at multiple locations throughout Cuyahoga, Lake, and Ashtabula Counties, Ohio and the surrounding area.  According to records maintained by Ohio's Secretary of State, its statutory agent for service of process is Jonathan A. Lee, 7232 Justin Way, Mentor, Ohio 44060.

## FACTUAL ALLEGATIONS

### Defendant's Business and Employment of Plaintiff, the Potential Opt-Ins and Class Members

9.      During the relevant period, Defendant provided mental healthcare services at multiple facilities across the State of Ohio.

10.      Plaintiff Kate Nelson was employed with Defendant as a Qualified Mental Health Specialist ("QMHS"), also known as a Case Manager, from October 2021 through April 2023.

11.      Ms. Nelson was one of at least 100 QMHSs working for Defendant at any given time.

12.      Plaintiff, the Potential Opt-Ins, and the Class Members consist of all QMHSs working for Defendant within the time period and applicable lookback period for each of Plaintiff's claims.

13.      The primary job duty of Ms. Nelson and her fellow QMHSs was to provide community-based services to patients with mental health and/or substance use disorders.

14.      Those services primarily consisted of supporting clients by helping them manage behavioral health and substance use symptoms, scheduling appointments, educating them about treatment plans, and connecting them to benefits, services, housing, and other relevant resources

15.      The requisite job duties of QMHSs at Signature Health, including Ms. Nelson, often demanded a workweek which exceeded 40 hours.

16.      By way of example, Ms. Nelson estimates that she worked more than 40 and up to 45 hours in half or more than of her workweeks during her tenure with Defendant.

### Defendant's Status as an "Employer" and Enterprise Under the FLSA

17.      Defendant was an "employer" of Plaintiff, the Potential Opt-Ins, and the Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

18.      Defendant was the W-2 employer of Plaintiff, the Potential Opt-Ins, and the Class Members.

19.     Defendant hired, supervised, and terminated its QMHSs, and set all timekeeping and compensation policies relevant to this case.

20.     Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it had employees engaged in commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

21.     QMHS as an enterprise was engaged in various operations, including the operation of a hospital or institution primarily engaged in the care of the mentally ill who reside on the premises of such institution.

**Defendant's Failure to Pay Overtime Hours**

22.     As stated above, QMHSs mandatory job duties often required more than 40 hours in a given workweek to accomplish.

23.     All QMHSs working for Defendant were required to record clock-ins and clock-outs on Defendant's timekeeping system each workday.

24.     However, Defendant generally would not permit QMHSs to clock in for more than 40 hours in a workweek.

25.     Kate Nelson, for instance, was mandated by management on several occasions to edit her clock times so as to not exceed 40 hours in a workweek.

26.     Hence, in workweeks where QMHSs worked a full week, Defendant typically paid all QMHSs for only 40 hours of work, even when their actual workweek exceeded 40 hours, and even when Defendant had full knowledge that QMHSs actual workweeks exceeded 40 hours.

27.     The job duties and/or positional requirements of a QMHS at Signature Health do not permit application of any overtime exemption under the FLSA.

28.     Plaintiff, the Potential Opt-Ins, and the Class Members were not professionally exempt.

29.     Plaintiff, the Potential Opt-Ins, and the Class Members were not administratively exempt.

30.     Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt executives.

31.     Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt computer employees.

32.     Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt outside salespeople.

33.     As a result, the FLSA and Ohio law required Defendant to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members overtime compensation of at least one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. § 778.117. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.117.

34.     At Ohio Rev. Code § 4111.03, Ohio law expressly incorporates the overtime pay requirements of 29 U.S.C. § 207.

## Willfulness of Defendant's Violations

35.     Defendant knew, or recklessly disregarded, that its QMHSs were entitled to overtime compensation under federal and state laws.

36.     As stated above, Defendant expressly directed QMHSs to falsify their time records to show a 40-hour workweek knowing that QMHSs actual working hours exceeded 40.

37.     Moreover, publicly available literature from the Department of Labor, like Opinion Letter FLSA2007-7, informed employers like Defendant that "Case Managers… do not qualify for the administrative exemption under section 13(a)(1)."  Similarly, Opinion Letter FLSA2006-20NA informed Defendant that QMHSs were not exempt from overtime when their "primary duty is servicing up to 30 clients with developmental disabilities by assessing their skills, coordinating the development of individual service plans, teaching them the skills needed to live independently, advocating for their needs and preferences, identifying community resources for the needed services, and coordinating the delivery of these services."

38.     As such, Defendant willfully circumvented and violated the requirements of the FLSA and Ohio law.  Defendant knew or had full reason to know – with a modicum of investigation – that its QMHSs were due time-and-a-half compensation for their overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

41.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former QMHSs who worked over 40 hours in one or more workweeks for Signature Health during the period three years preceding the filing of this lawsuit.

42.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subjected to the identical unlawful wage-and-hours practices, all were injured by those

practices, and all have the same claims against Defendant for unpaid wages, liquidated damages, attorneys' fees, and costs.

43.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

44.     Plaintiff cannot yet state the exact number of similarly situated persons but aver, upon information and belief, that they consist of 100 or more persons. Such persons are readily identifiable through the records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46.     Plaintiff is bringing this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a proposed Ohio Class, defined as:

> All current and former QMHSs who worked for Signature Health during the period four years preceding the filing of this lawsuit.

47.     The Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that they consist of hundreds of persons. The number of Class Members as well as their identities are ascertainable from records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

48.     There are questions of law or fact common to the Class, including but not limited to:

> a.  Whether Defendant required Plaintiff and other Class Members to work over 40 hours in a workweek;
>
> b.  Whether Defendant knew, or recklessly disregarded, that QMHSs were entitled to overtime pay; and

      c. Whether Defendant accepted the benefit of Plaintiff and Class Members' unpaid work under circumstances where retaining that benefit without compensation would be inequitable.

49.    Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

50.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

51.    The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class Members.

52.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

53.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consents to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

55.     The FLSA requires Defendant to pay its QMHSs overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

56.     Defendant failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

57.     In doing so, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

58.     As a result of Defendant's violations of the FLSA's overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## COUNT TWO
### (Unjust Enrichment)

59.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60.     The employment of Plaintiff and the Class Members by Defendant was not created through written contract.

61.     Plaintiff and the Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

62.     Defendant knew it was receiving a benefit by retaining and utilizing the labor of Plaintiff

and the Class Members while providing no compensation.  Defendant intentionally designed their

compensation structure so as to obtain that benefit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Conditionally certify this case as an FLSA "collective action"
       pursuant to 29 U.S.C. § 216(b) and direct that Court-approved
       notice be issued to similarly situated persons informing them of this
       action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on
       behalf of Plaintiff and other members of the Class;

C.     Enter judgment against Defendant and in favor of Plaintiff, the
       Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the
       Class;

D.     Award compensatory damages to Plaintiff and the Opt-Ins in the
       amount of their unpaid wages, as well as liquidated damages in an
       equal amount;

E.     Award compensatory damages to Plaintiff and the Opt-Ins in the
       amount of their unpaid wages; and

F.     Award Plaintiff her costs and attorneys' fees incurred in
       prosecuting this action and such further relief as the Court deems
       equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
**Tittle & Perlmuter**
4106 Bridge Ave.
Cleveland, OH  44113
216-308-1522

Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)